**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FLORINE MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09 C 3212 |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | Judge Sharon Johnson Coleman |
| United States Postal Service, ) | |
| ) | Magistrate Judge Martin C. Ashman |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Florine Matthews filed a pro se complaint against her employer, the United States Postal Service ("USPS"), for employment discrimination based on race, color, sex, and disability that allegedly began in February 2005. Matthews alleges that USPS failed to reasonably accommodate her disability; failed to stop harassment; retaliated against her; denied her a lateral transfer; forced her into a leave without pay causing her to lose her health benefits and life insurance; sent her for a psychiatric evaluation; and issued a proposed removal from the postal service. USPS moves for summary judgment on the basis that Matthews is not disabled under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act. USPS further asserts that Matthews cannot establish a *prima facie* case of retaliation or discrimination based on race and, even if she could, USPS has non-discriminatory reasons for the complained of action that Matthews cannot show to be pre-textual. The motion is granted in part and denied in part.

**Factual Background**

The following are undisputed facts. Plaintiff, Florine Matthews, has worked for the United States Postal Service since 1983. She is an Equal Employment Opportunity ("EEO") and Alternative Dispute Resolution ("ADR") specialist domiciled in Dallas, Texas. In 2005, the Postal Service's EEO functions underwent a national reorganization, which eliminated some positions and created others in various locations. Matthews' position in the Chicago area was affected by the reorganization. USPS offered her two options: one position in the northern district of Illinois and another in Dallas, Texas. Matthews voluntarily accepted the position in Dallas and agreed to stay in that position for at least one year. USPS paid her relocation expenses.

Four months into her new assignment in Dallas, Matthews requested a non-competitive lateral transfer to Carol Stream, Illinois. On March 15, 2006, the Selecting Officer, Mae Grant, informed Matthews that no lateral reassignments would be accepted and that all applicants for the vacancy would have to compete for the position. Matthews was informed by email that the original posting for the Carol Stream vacancy would be cancelled, re-posted, and Matthews was free to reapply. On June 1, 2006, Matthews requested a lateral hardship transfer to the vacant position in Carol Stream, Illinois, to care for her elderly mother. It is undisputed that Matthews worked in the Chicago area for four months between July and October of 2006. USPS states that it was unable to grant the lateral hardship transfer, but that management would assist Matthews in making temporary arrangements for her to work from Chicago. Matthews asserts that her supervisor in Dallas, Nick Juarez, allowed her to work in Chicago because she was scheduled to be a witness in an EEOC trial in the Midwest. On July 21, 2006, USPS informed Matthews that it was cancelling the Carol Stream, Illinois, job posting and once re-posted, applicants impacted

by the ongoing restructuring would be given first consideration. If any positions remained vacant she could apply during the second phase of hiring in August 2006. Matthews was considered in the competitive process for the second Carol Stream vacancy.

June 30, 2006, was Matthews last date of work in Dallas until returning to work in September 2009. Matthews worked in the Chicago area for four months in the summer of 2006 and was directed to return to Dallas on October 31, 2006. Matthews was off work on paid leave until that was exhausted and then leave without pay from October 2006 to September 2009. Matthews' claim of disability arises from depression, anxiety and poor sleeping. In February 2007, Matthews' physician, Dr. Nowell, released Matthews to return to work under certain restrictions, including a limitation on hours (part-time) and location (within 20 miles of her home in Chicago). USPS informed Matthews that she was unable to return to work under those constraints and referred the request to the Reasonable Accommodation Committee ("RAC"). After the RAC reviewed the documentation provided by Matthews and her physicians, the committee determined that the documentation was insufficient for it to complete the evaluation. The RAC twice requested Matthews to provide more information. The RAC scheduled Matthews for psychological testing in a fitness-for-duty examination to assist in its assessment of her request for accommodations. She attended part of the testing and then refused to participate further. On April 8, 2008, USPS informed Matthews that the documentation was insufficient to qualify her medical impairment as a disability within the meaning of the Rehabilitation Act and instructed her to return to work in Dallas or provide medical documentation for why she could not return to work.

On March 16, 2009, Dr. Nowell recommended a "time-phase process" to integrate

Matthews back into the work force, including a gradual increase in the number of hours per day over a period of 90 days and a requirement that she remain in the Chicago area based on her need for support and treatment for her depression and anxiety. Despite her work restrictions, Matthews is able to walk, see, do household chores, drive, attend church, cook even though at times she did not want to do anything. On June 10 , 2009, Dr. Nowell wrote a letter releasing Matthews to return to work without any restrictions at all. Matthews is currently employed in Dallas, where she returned to her assignment in September 2009.

## **Legal Standard**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials of file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for the Court construes all reasonable inferences in the light most favorable to the non-moving party. Abdullahi v. City of Madison, 423 F. 3d 763, 773 (7th Cir. 2005) . The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S. 317, 324 (1986). With these principles in mind this Court turns to the matter at bar.

## **Discussion**

As a preliminary matter, this Court will address Matthews' failure to exhaust certain claims. Before filing an employment discrimination case, a plaintiff is required to exhaust all administrative remedies. Teal v. Potter, 559 F. 3d 687, 691 (7th Cir. 2009). Moreover, a plaintiff cannot bring claims in a lawsuit that she failed to include in her Equal Employment Opportunity

Commission ("EEOC") charge. Id. In her complaint before this Court, Matthews included claims that she was forced into a leave-without-pay situation and issued a proposed removal from the Postal Service. Matthews concedes that she did not exhaust her administrative remedies on the claim of proposed removal. She failed to respond at all to the USPS assertion that Matthews failed to include in her EEOC charges that she was forced into a leave-without-pay situation. See United States v. Farris, 532 F. 3d 615, 619 (7 th Cir. 2008) (Failure to respond to an argument results in waiver); see also Kirksey v. R.J. Reynolds Tobacco Co., 168 F. 3d 1039, 1042 (7th Cir. 1999). A review of the agency decisions filed with this Court reveals that neither of those claims were addressed in complaints to the EEOC. See Dkt. 7. USPS is therefore entitled to judgment as a matter of law as to those two claims.

USPS also asserts that Matthews raises a new claim in her opposition to USPS' Rule 56.1 Statement of Material Facts, which is not alleged in her complaint; i.e., "Pay for Performance FY 2005." Since a party opposing summary judgment may not amend its complaint in its brief, that claim is also dismissed. See Griffin v. Potter, 356 F. 3d 824, 830 (7th Cir. 2004).

Next, this Court turns to the remaining claims of discrimination alleged in the Complaint, namely discrimination and retaliation based on race, color, and disability. In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Cmty Affairs v. Burdine, 450 U.S. 248 (1981), the Supreme Court established a three-step burden-shifting framework for analyzing claims of discrimination. First, the plaintiff must establish a prima facie case of discrimination on the alleged basis. Once, a prima facie case is established, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. Furnco Construction Co. v. Waters, 438 U.S. 567, 578 (1978). The employer need only

raise a genuine issue of fact as to whether it discriminated against the plaintiff. Burdine, 450 U.S. at 254. If the employer meets this burden, any presumption of discrimination disappears, and the plaintiff can only prevail if she proves that the employer's reasons are merely pretext for discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507, 516 (1993). The plaintiff cannot create a factual issue of pretext based on personal speculation that there was discriminatory intent. See Springer v. Durflinger, 518 F. 3d 479, 484 (7th Cir. 2008).

In order to maintain a claim for employment discrimination based on race, a plaintiff must show that: (1) she is a member of a protected class; (2) she was meeting her employers' legitimate job expectations; (3) she was subjected to an adverse employment action; and (4) the employer treated similarly situated employees not in the class more favorably. Scaife v. Cook County, 466 F. 3d 735, 739-40 (7th Cir. 2006).

It is undisputed that Matthews is a member of a protected class. However, Matthews fails to establish at least the third and fourth elements. The Seventh Circuit has adopted a broad definition of adverse employment action, yet it still requires evidence of some negative change in employment terms or status. See Hilt-Dyson v. City of Chicago, 282 F. 3d 456, 465-66 (7th Cir. 2002). The denial of Matthews' request for a lateral transfer is not an adverse employment action. See Dandy v. UPS, 388 F. 3d 263, 275 (7th Cir. 2004) (finding that refusal to grant a lateral transfer offering parallel pay, benefits, and responsibilities, is not an adverse employment action). Matthews must also offer evidence that her employer treated similarly situated employees not in the class more favorably. Although she offers the names of several of the other EEO-ADR specialists, many of the people she names are also African American and Matthews offers nothing in response to establish in what manner they are comparable or in what way they

were more favorably treated. USPS refers to Matthews' deposition testimony where she states that she cannot identify how or if the individuals she names were treated more favorably. Def. R. 56.1 Statement of Material Facts, ¶8. In response, Matthews states that "Kristine Hogan was given a job as EEO ADR Specialist approximately 6 month after [Matthews] asked for a lateral transfer and after I competed competitively for the position in the August 2006 package" and refers to Exhibit 12. This Court is unable to find an Exhibit 12 either attached to Matthews' statement in opposition to USPS's R. 56.1 Statement of Material Facts or to Matthews' Response Brief, or anywhere else in the record. Nor has Matthews presented any other evidence on this point. Matthews therefore has not shown that she is able to establish a prima facie case for discrimination based on race.

Even if this Court assumes that Matthews could establish a prima facie case for discrimination based on race, USPS has set forth facts that show legitimate, non-discriminatory purpose for its actions. It is undisputed that the EEO-ADR functions of the USPS were undergoing restructuring that affected various EEO-ADR positions across the country and that EEO-ADR specialists who were at risk of losing their position entirely were given priority in filling vacancies or the vacancies were cancelled due to the restructuring. Matthews does not offer anything to show that these reasons were pre-textual. USPS is therefore entitled to judgment as a matter of law on the claim that it discriminated against Matthews on the basis of race.

Next, USPS argues the Matthews is unable to establish a *prima facie* case for retaliation. A plaintiff may maintain a Title VII retaliation claim with either direct or indirect proof. Jones v. Res-Care, Inc., 613 F.3d 665, 670 (7th Cir. 2010). Direct proof of retaliation requires evidence

of (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two. Id. at 671. The indirect method requires demonstrating that the same first two elements, but instead of proving a direct causal link, the plaintiff must show that she was meeting her employer's legitimate performance expectations and that she was treated less favorably than other similarly situated employees who did not complain of discrimination. Andonissamy v. Hewlett-Packard Co., 547 F. 3d 841, 849-50 (7th Cir. 2008).

Here, Matthews only alleged protected activity is her filing of EEO complaints. As previously discussed Matthews cannot establish an adverse employment action based on the refusal to grant a lateral transfer. Requiring an employee to undergo a psychiatric evaluation as part of a fitness-for-duty assessment is also not an adverse employment action. See Caver v. City of Trenton, 420 F. 3d 243, 256 (3d Cir. 2005); Benningfield v. City of Houston, 157 F.3d 369, 376 (5th Cir. 1998). Matthews' loss of benefits, which by her own admission resulted from her exhausting her paid leave and not returning to work for over a year, also does not constitute an adverse employment action. Pl. Opposition to D. Rule 56.1 Statement of Material Facts, ¶6, Ex. 6 (Benefit Policy). Even if this one of Matthews' claims constituted an adverse employment action she has not put forth any affirmative evidence of a direct causal link between those claims and her EEO complaints. Nor can Matthews establish retaliation under the indirect approach since she did not work for nearly three years she could not have been meeting her employer's reasonable performance expectations, and she has not shown any similarly situated employees were treated more favorably. Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Moss v. Ameritech Servs., Inc., 166 Fed. Appx. 849, 851 (7th Cir.

2006)(affirming summary judgment for employer where the plaintiff failed to "specifically identify much less present admissible evidence of – any similarly situated employee who was white, male, significantly younger, not disabled, or who had not filed prior discrimination complaints and was not terminated during the RIF.").

Lastly, USPS argues that it is entitled to judgment as a matter of law on the basis that Matthews is not disabled within the meaning of the Rehabilitation Act. USPS asserts that Matthews' depression and anxiety do not restrict a major life activity.

A *prima facie* case for discrimination under the Rehabilitation Act requires a plaintiff to demonstrate that she is "disabled" within the meaning of the Act. See 42 U.S.C. § 12102(2). To qualify as a disability the impairment at issue must be severe enough that it "prevents or severely restricts" a major life activity. Toyota Motor Mfr. v. Williams, 543 U.S. 184, 198 (2002) (abrogated by statute effective January 1, 2009)[1]. A plaintiff must also show that she is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodations, and that she has suffered an adverse employment decision because of the disability. Garg v. Potter, 521 F.3d 731, 736 (7th Cir. 2008). As with other bases for discrimination, disability based claims are subject to the burden-shifting framework referenced above.

Here, Matthews claims that she is disabled because her depression and anxiety severely limit major life activities. The Seventh Circuit has opined that depression may constitute a

---

[1] The definition of "disability" under the ADA has been expanded by statute to include less severe impairments. However, the expansion does not apply to conduct occurring before the statute's January 1, 2009, effective date. The ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 355, §8 (codified as amended in various sections of 42 U.S.C. and 29 U.S.C. § 705).

disability under some circumstances. See Ogborn v. Ufcw, Local No. 881, 305 F.3d 763, 767 (7th Cir. 2002). USPS contends that Matthews' deposition testimony refutes her claim of a severe limitation of a major life activity because she states that she can do many things such as housework, driving, going to church, cooking food. However, Matthews also testifies that she cannot do these things as she used to and has presented some documentation from her primary care physician, Dr. Kenneth Lee, and her therapist, Dr. Nefertiti Nowell. She provides a Labor Department Form filled out by Dr. Lee, stating that Matthews has depressive mood, anxiety and sleeping problems, with an attached handwritten note recommending an extension of her leave. There are three letters in the record from Dr. Nowell making various recommendations restricting Matthews' return to work, substantially limiting the time and the location. While the documentation is limited, this Court finds it sufficient to raise an issue of material fact as to whether Matthews' impairment rises to the level of a disability. Because this Court finds there to be a issue of material fact on the issue of whether Matthews is disabled under the Act, this Court need not continue its analysis of this issue.

## Conclusion

Defendant United States Postal Service's motion for summary judgment is granted in part and denied in part. Plaintiff's claims of discrimination based on race and retaliation are hereby dismissed with prejudice.

IT IS SO ORDERED.

Date: December 6, 2010         Entered:

                               _____
                               Sharon Johnson Coleman